UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BOBBY WAYNE SMITH, JR.,

      Petitioner,

v.                                    CASE NO. 07-15231
                                       HONORABLE MARIANNE O. BATTANI

JERI-ANN SHERRY,

      Respondent.

_____/

## ORDER DENYING PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT

On December 7, 2007, petitioner Bobby Wayne Smith, Jr., filed a habeas corpus petition challenging his Oakland County convictions for first-degree murder, conspiracy to commit first-degree murder, and possession of a firearm during the commission of a felony. On April 26, 2010, the Court denied the habeas petition, and on January 28, 2011, the United States Court of Appeals for the Sixth Circuit denied Petitioner's motion for a certificate of appealability.

Currently pending before the Court is Petitioner's motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(6). The motion seeks an evidentiary hearing on Petitioner's claim that his appellate attorney was ineffective.

Rule 60(b) permits federal courts to relieve a party from a final judgment for certain specified reasons and for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). The rule applies to habeas corpus proceedings, but a movant seeking relief under Rule 60(b)(6) is required "to show 'extraordinary circumstances' justifying the

reopening of a final judgment.  Such circumstances will rarely occur in the habeas context."  Gonzalez v. Crosby, 545 U.S. 524, 535 (2005) (internal citations omitted).

The Court determined in its dispositive opinion and order of April 26, 2010, that Petitioner procedurally defaulted habeas claims III through IX by not raising those claims on direct appeal from his convictions.  The Court went on to say that Petitioner had failed to show that his appellate attorney's strategy in presenting certain claims and not raising other claims was deficient or unreasonable.  The Court concluded that appellate attorney was not "cause" for Petitioner's procedural default and that, to the extent Petitioner was raising a stand-alone claim of ineffective assistance of appellate counsel, his claim failed.

Petitioner contends that the Court made a grave error in its determination about appellate counsel's strategy on appeal. He seeks an evidentiary hearing to develop the facts regarding appellate counsel's performance.

The Court of Appeals for the Sixth Circuit stated in its order denying Petitioner's motion for a certificate of appealability that reasonable jurists would not debate either the District Court's procedural-default ruling or the District Court's assessment of Petitioner's claim about appellate counsel.  This Court therefore concludes that no extraordinary circumstance justifies the re-opening of the judgment for an evidentiary hearing on appellate counsel's performance.  Accordingly, the motion for relief from judgment [Dkt. #28] is **DENIED**.

The remaining question is whether a certificate of appealability should issue, because a certificate of appealability is necessary to appeal the denial of a Rule 60(b) motion for relief from judgment.  Johnson v. Bell, 605 F.3d 333, 336 (6th Cir. 2010)

(citing United States v. Hardin, 481 F.3d 924, 926 (6th Cir. 2007)), petition for cert. filed, No. 10-1009, 79 U.S.L.W. 3480 (U.S. Feb. 7, 2011).  "A [certificate of appealability] may issue 'only if the applicant has made a substantial showing of the denial of a constitutional right,' 28 U.S.C. § 2253(c)(2), which the United States Supreme Court has construed to mean that an applicant must show that reasonable jurists could debate that the petition could have been resolved differently or that the claims raised deserved further review."  Id. at 339 (citing Miller-El v. Cockrell, 537 U.S. 322, 336 (2003)).

Reasonable jurists would not conclude that the issue raised here deserves further review.  Therefore, a certificate of appealability is **DENIED**.

s/Marianne O. Battani
MARIANNE O. BATTANI
UNITED STATES DISTRICT JUDGE

Dated: April 14, 2011

CERTIFICATE OF SERVICE

I hereby certify that on the above date a copy of this Order was served upon the Petitioner via ordinary U.S. Mail, and Counsel for the Respondent electronically.

s/Bernadette M. Thebolt
Case Manager

3